UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GOULD,<br>      Petitioner,<br><br>v.<br><br>DAVID DUARTE, Superintendent,<br>      Respondent. | Civil Action No.<br>19-12227-IT |

**MEMORANDUM AND ORDER**
August 28, 2020

**TALWANI, D.J.**

Now before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [#19] seeking to dismiss David Gould's petition as time barred pursuant to 28 U.S.C. § 2244(d)(1). For the following reasons, the motion is DENIED.

**I.    Prior Proceedings**

In 2015, Gould was convicted by a jury in Bristol County Superior Court of enticing a child under the age of sixteen and disseminating matter harmful to a minor. On the enticement count, he was sentenced to serve not less than four years and 364 days nor more than five years in the state prison. On the dissemination count, the Court imposed a three-to-five year prison term, to run from and after the sentence for enticement. The Massachusetts Appeals Court affirmed the convictions on direct appeal. *See Commonwealth v Gould*, 93 Mass. App. Ct. 119 (Mass. App. Ct. July 16, 2018). The Supreme Judicial Court ("SJC") denied appellate review on November 8, 2018. *See Commonwealth v Gould*, 480 Mass. 1110 (Nov. 8, 2018). Gould's application to extend time to file a petition for certiorari was granted by the United States Supreme Court, and the time to file was extended until April 8, 2019. *See* Docket, *Gould v.*

*Massachusetts*, No. 18A875 (J. Breyer, J. Feb 28 2019). Gould states that his petition was "rejected as being late on June 26, 2019." *See* ECF No. 1, page 5.

## II.    Procedural Background

On October 31, 2019, David Gould, in custody at the Massachusetts Treatment Center, filed a *pro se* Motion to Hold Habeas Corpus in Abeyance [#1]. On December 30, 2019, the court denied Gould's motion, explaining that because Gould had not yet filed a habeas petition, there was no proceeding to hold in abeyance. Order [#6]. The court directed Petitioner that to proceed, he needed to file a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by April 8, 2019. Id. The denial was without prejudice, so that Petitioner could ask again to hold his habeas petition in abeyance once a timely petition was filed. On March 13, 2020, Petitioner filed a *pro se* Motion to Extend time Rule 6(b)(1) [#7]. On March 18, 2020, the court denied Petitioner's motion and reminded him that if he did not file his Petition by April 8, 2020, the Clerk would enter a final order of dismissal. Order [#8].

On April 8, 2020, Petitioner filed his *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [#9]. The petition identifies Superintendent David Duarte as the Respondent. *Id.* By Order [#15] dated May 8, 2020, the court ordered service of the petition. Order [#15].

After the court granted the Respondent an extension of time within which to respond to the petition, Electronic Order [#18], the Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus [#19] accompanied by a Memorandum in Support [#20].

On June 30, 2020, Petitioner filed a *pro se* Response to Respondent's Motion to Dismiss Petition of Habeas Corpus as Time Barred [#21].

## III.    Limitations Period

A section 2254 habeas corpus petition filed by a prisoner in state custody is subject to a

one-year statute of limitations period that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Delaney v. Matesanz*, 264 F.3d 7, 10 (1st Cir. 2001). A conviction becomes final "'when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'" *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See* 28 U.S.C. § 2244(d)(2). Supreme Court Rule 13.5 allows a justice to extend the time to file a petition for writ of certiorari.

Additionally, equitable tolling of the limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented timely filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005). To establish grounds for equitable tolling, a habeas petitioner must demonstrate both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted)). Courts must apply equitable tolling cautiously, as "equitable tolling is 'the exception rather than the rule.'" *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) (quoting *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007)).

**IV.   Discussion**

Respondent contends that the period of limitations for filing the petition expired on February 6, 2020, one year from the end of the ninety-day period for filing a petition for writ of certiorari in the Supreme Court from the SJC's denial of further appellate review. Memorandum

in Support [#20]. Respondent seeks dismissal of the petition as time-barred because (1) the petition for certiorari was filed after expiration of the extension granted by the Supreme Court; (2) the tolling provision set forth in 28 U.S.C. § 2244(d)(2) does not apply where Petitioner failed to initiate state-court proceedings during the one-year limitations period; and (3) Petitioner's circumstances do not meet the requirements for applying the doctrine of equitable tolling. *Id.* at 3-6.

Respondent recognizes that the Supreme Court granted Petitioner an extension of time until April 8, 2019, to file a petition for writ of certiorari. *Id.* at p. 4. Respondent contends that this extension did not toll the limitations period because Petitioner failed to file with the Supreme Court by the extended deadline of April 8, 2019. *Id.* In support, Respondent urges the court to follow *Werner v. Wall*, No. 06-cv-31-T, 2006 WL 2559484, at *3 (D.R.I. Aug. 31, 2006) (limitations period commenced 90 days after final state judgment, even though petitioner received extension to file petition for writ of certiorari, where he never actually filed a petition within the extended time frame), report and recommendation adopted, and to reject *Salinas-Tinoco v. Davis*, No. 3:18-cv-1781-G-BN, 2018 WL 3979865, at *3 (N.D. Tex. July 25, 2018) (petitioner's state criminal conviction became final for federal limitations purposes no later than the expiration of the time for seeking further appellate review in the state courts, which at the latest was the state court-extended deadline to file petition for review, even if petitioner didn't actually file), report and recommendation adopted, 2018 WL 3973507 (N.D. Tex. Aug. 20, 2018). *Id.*

The court declines to follow *Werner*. *Werner* is factually distinguishable in that the petitioner in there never ultimately pursued his petition for review in the Supreme Court, while Petitioner here filed a petition for certiorari, albeit late. More importantly, the rule announced in

*Werner* is offered without any legal authority or analysis. Because the applicable limitations period runs until "the expiration of the time for seeking [direct] review," *see* Section 2244(d)(1)(A), Petitioner's conviction became final when the time for seeking further direct review expired. Because the Supreme Court extended the time for Gould to file a petition for writ of certiorari to April 8, 2019, his conviction did not become final until April 8, 2019, the date his petition for certiorari was due. *Salinas-Tinoco*, 2018 WL 3979865, at *3; see also Rodriguez v. Dretke, 2004 WL 1586149, *2, n.2 (if petitioner's request for an extension had been granted by the Supreme Court, then his right to continue the direct-review process through a petition for writ of certiorari would have been extended and the deadline for direct review would not have expired under § 2244(d)(1)(a) until that extended date).

Accordingly, the instant petition that was filed on April 8, 2020, was filed within the applicable limitations period and the motion to dismiss the petition as untimely is denied. Because the court finds the petition timely filed, the court will not address Respondent's arguments concerning equitable tolling nor the tolling provisions of 28 U.S.C. § 2244(d)(2).

**V.     Conclusion**

Based upon the foregoing, the Motion to Dismiss Petition for Writ of Habeas Corpus [#19]  is DENIED. Respondent shall answer the petition within 28 days of the date of this Memorandum and Order. Respondent may also file a motion for a scheduling order.

**So ordered.**

                                                     /s/ Indira Talwani
                                                   United States District Judge

Dated: August 28, 2020